1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    LARRY MOORE, as an individual and   ) Case No. 09-1841 SC
     on behalf of all others similarly   )
8    situated,                           ) ORDER RE: DEFENDANT'S
                                         ) MOTION TO TRANSFER
9                   Plaintiff,           )
                                         )
10                                       )
            v.                           )
11                                       )
                                         )
12   C.R. ENGLAND, INC., a corporation;  )
     and DOES 1 through 50, inclusive,   )
13                                       )
                    Defendants.          )
14   _____)

15

16   **I.    __INTRODUCTION__**

17         This suit is a purported class action on behalf of California

18   employees who recently worked as truck driver trainees for

19   Defendant C.R. England, Inc. ("Defendant").  See First Am. Compl.

20   ("FAC"), Docket No. 34.  Defendant seeks to transfer this action to

21   the District of Utah, or in the alternative, to the Central

22   District of California ("Central District").  See Second Mot. to

23   Transfer ("Motion"), Docket No. 36.  Plaintiff Larry Moore

24   ("Plaintiff" or "Moore") has filed a limited Opposition to the

25   Motion, Docket No. 40, and Defendant has filed a Reply, Docket No.

26   41.  Having considered the submissions of both parties, the Court

27   finds that this matter is appropriate for decision without oral

28   arguments.  For the reasons stated below, the Court hereby DENIES

United States District Court
For the Northern District of California

1    Defendant's request to transfer this suit to Utah, but GRANTS
2    Defendant's alternative request to transfer to the Central District
3    of California.

4

5    **II.   BACKGROUND**

6         Defendant is in the business of transporting temperature-
7    sensitive freight, such as produce and chemicals, throughout the
8    United States.  Nelson Hayes Decl. ¶ 3.[1]  In early-to-mid 2008,
9    Plaintiff worked as an employee for Defendant, where he served as a
10   trainee truck driver.  Compl. ¶ 8.  Defendant is headquartered and
11   incorporated in the state of Utah, and does business in the state
12   of California.  Id. ¶ 9; Notice of Removal, ¶ 3.  Plaintiff resides
13   in Hesperia, California.  Moore Decl. ¶ 2; Opp'n at 11.

14        Plaintiff claims that while he was a trainee for Defendant, he
15   was not reimbursed for his work-related expenses and costs, was
16   denied meal breaks, was not provided accurate wage statements, and
17   was subject to various other violations of the California Labor
18   Code and Business and Professions Code.  Compl. ¶ 8.  He filed this
19   suit in the Superior Court for Alameda County, and Defendant
20   removed it to the Northern District of California ("Northern
21   District").  See Notice of Removal.

22

23   **III. LEGAL STANDARD**

24        "For the convenience of parties and witnesses, in the
25   interest of justice, a district court may transfer any civil matter
26   to any other district or division where it might have been

---

[1] Nelson Hayes ("Hayes"), general counsel for Defendant, filed a
28   declaration in support of the Motion to Dismiss.  Docket No. 36 Ex.
     A.

2

**United States District Court**
For the Northern District of California

1    brought."   28 U.S.C. § 1404(a).   The purpose of § 1404(a) is to

2    "prevent the waste of time, energy, and money and to protect

3    litigants, witnesses and the public against unnecessary

4    inconvenience and expense."   Van Dusen v. Barrack, 376 U.S. 612,

5    616 (1964) (internal quotation marks omitted).   "A motion for

6    transfer lies within the broad discretion of the district court,

7    and must be determined on an individualized basis."   Foster v.

8    Nationwide Mut. Ins. Co., No. 07-4928, 2007 WL 4410408, at *1 (N.D.

9    Cal. Dec. 14, 2007) (citing Jones v. GNC Franchising, Inc., 211

10   F.3d 495, 498 (9th Cir. 2000)).

11        To support a motion for transfer, the moving party must

12   establish that venue is proper in the transferor district, the

13   transferee district is one where the action might have been

14   brought, and the transfer will serve the convenience of the parties

15   and witnesses and will promote the interests of justice.   Foster,

16   2007 WL 4410408 at *2.   In determining this issue, courts look to

17   the following factors: (1) plaintiff's choice of forum; (2)

18   convenience of the parties and witnesses; (3) ease of access to the

19   evidence; (4) familiarity of each forum with the applicable law;

20   (5) feasibility of consolidation with other claims; (6) any local

21   interest in the controversy; and (7) the relative court congestion

22   and time to trial in each forum.   See id.

23

24   **IV.   DISCUSSION**

25        This Motion to Transfer comes before the Court in a unique

26   context.   Defendant seeks, first and foremost, to transfer this

27   suit to the District of Utah, where it is headquartered.   Defendant

28   requests, in the alternative, that the Court transfer the suit to

United States District Court
For the Northern District of California

the Central District of California.  Although Plaintiff opposes the request to transfer this suit to Utah, Plaintiff does not oppose the request to transfer to the Central District of California, and in fact argues in favor of transfer to the Central District in certain portions of his Opposition.  Opp'n at 2, 18-19.  In short, both parties are amenable to transfer to the Central District of California, though transfer to Utah remains contested.

The Court notes that this action could have been brought in either the District of Utah or the Central District of California. Venue would be appropriate in either district because Defendant is headquartered out of Salt Lake City, Utah, and operates within California.  Hayes Decl. ¶¶ 3, 5.  It has two offices in Mira Loma, California, and another office in Ventura, California -- all of which are located in the Central District of California.  Id. at 5. These same facts are also sufficient to establish personal jurisdiction over Defendant in either District.

A.   **Plaintiff's Choice of Forum**

In general, a plaintiff's choice of forum carries substantial weight in a motion to transfer venue.  See, e.g., Foster, 2007 WL 4410408 at *2; Flint v. UGS Corp., No. 07-4640, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007).  However, there are a number of factors that can detract from the weight of this consideration. First, a plaintiff's choice of forum is often accorded less weight in the class-action context.  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  Second, "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint."

4

1   Inherent.com v. Martindale-Hubbel, 420 F. Supp. 2d 1093, 1100 (N.D.
2   Cal. 2006) (quoting Carolina Cas. Co. v. Data Broad. Corp., 158 F.
3   Supp. 2d 1044, 1048 (N.D. Cal. 2001)).   "If the operative facts
4   have not occurred within the forum of original selection and that
5   forum has no particular interest in the parties or the subject
6   matter, the plaintiff's choice is entitled only to minimal
7   consideration."   See Pacific Car and Foundry Co. v. Pence, 403 F.2d
8   949, 954 (9th Cir. 1968).

9        This factor weighs little, if at all, against transfer to the
10  Central District of California.  Plaintiff has expressed
11  ambivalence as between the Central and Northern District.   In
12  addition, Plaintiff resides in the Central District of California,
13  Opp'n at 11, has offered no explanation for his decision to file in
14  the Northern District, and has identified no factual connection
15  between the Northern District and this litigation as it pertains to
16  his own cause of action.   This significantly undercuts his interest
17  in retaining jurisdiction in the Northern District -- at least as
18  compared with the Central District.

19       Notwithstanding the balance of this consideration as between
20  the Northern and Central Districts, the Court concludes that this
21  factor still weighs against transfer to the District of Utah.   The
22  Court sees no reason to read Plaintiff's choice of forum narrowly,
23  at least while comparing the chosen forum to a more distant and
24  less connected forum.  Although Plaintiff has failed to explain his
25  decision to file in the Northern District of California, as opposed
26  to Central District, the reasons for his choice of a California
27  forum are obvious: Plaintiff seeks to represent a class of
28  California employees for violations of California statutes.   The

1   Court considers this to be a significant factor against transfer to

2   Utah.

3       **B.   <u>Convenience of Parties and Witnesses</u>**

4       The convenience of witnesses is often the most important

5   factor in resolving a motion to transfer.  <u>Bunker v. Union Pac.</u>

6   <u>R.R. Co.</u>, No. 05-4059, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23,

7   2006). "In analyzing whether transfer of a case would serve the

8   convenience of the witnesses, the Court must look at who the

9   witnesses are, the nature of what the testimony will be, and why

10  such testimony is relevant or necessary." <u>Flint</u>, 2007 WL 4365481

11  at *4.

12      Both parties suggest that this factor favors the Central

13  District of California over the Northern District.  Defendant has

14  three offices in the Central District.  Hayes Decl. ¶ 5.  Defendant

15  claims that one of the two experienced truck drivers who were

16  paired with Plaintiff when he was a trainee resides in Crestline,

17  California, which is located in the Central District.[2] <u>Id.</u> ¶ 12.

18  Plaintiff was trained for weeks in the Mira Loma facility, where

19  Defendant "has a major location including a truck yard and a truck

20  driving school," and where Plaintiff was "trained on the policies

21  and practices of Defendant . . . ." Moore Decl. ¶¶ 3, 4; <u>see also</u>

22  Hayes Decl. ¶ 10.  Because Plaintiff seeks to represent only

23  California trainees, many factual witnesses for the class, as well

24  as the class members themselves, are likely to reside in or around

25  the Central District.  <u>See</u> Moore Decl. ¶¶ 4-5 (claiming that

26  Plaintiff participated with approximately fifty other trainees, who

27  _____

28  [2] The other truck driver is said to reside in Sheridan, Wyoming,
    Hayes Decl. ¶ 5, and would therefore not likely find it convenient
    to participate in litigation in any suggested location.

1    rotated through the program at Mira Loma on a monthly or bi-monthly
2    basis).

3        Defendant contends that this factor favors transfer to Utah
4    even more strongly than it favors transfer to the Central District.
5    Trainee drivers apparently communicate frequently with Defendant's
6    offices in Utah, "so that England can process drivers' compensation
7    and comply with federally-mandated record retention requirements,"
8    presumably from within Utah.   Hayes Decl. ¶ 15.   Defendant points
9    out that Plaintiff's training coordinator, as well as the company's
10   driver managers, are located in Salt Lake City, Utah -- along with
11   "[v]irtually all" of Defendant's operational and managerial
12   personnel, and "virtually all" of the documents related to this
13   litigation.   Id. ¶¶ 11, 18.   Although Defendant does not specify
14   precisely what kind of testimony these individuals are likely to
15   provide, the Court finds it credible that Utah will be convenient
16   for many employee witnesses who can verify Defendant's payment
17   practices, and overtime and break policies.

18       Neither party has explained why litigation in the Northern
19   District would be convenient for anybody involved in this
20   litigation.   Consequently, this factor favors transfer.   Because
21   Defendant claims that its payroll and personnel policies were
22   centered out of Salt Lake City, id. ¶ 16, Utah would likely be a
23   very convenient forum for Defendant, and would not be terribly
24   inconvenient for Plaintiff.   However, because Plaintiff and other
25   potential class members are likely to have had a great deal of
26   interaction with Defendant through its California offices, and
27   because parties have not clearly explained exactly what role these
28   offices played in terms of compliance with the relevant California

statutes, there is no reason to conclude that the Central District would be an inconvenient forum.  Indeed, it would likely be more convenient for the Plaintiff.  This factor therefore favors transfer to the district of Utah, but only slightly more than it favors transfer to the Central District of California.

### C.   **Ease of Access to Evidence**

No party suggests that any relevant documents are stored in the Northern District of California.  Plaintiff speculates that relevant documents may be stored in Defendant's offices in the Central District, Opp'n at 8; Kenneth Yoon Decl. ¶ 4,[3] however Defendant claims that nearly all of the documents are in fact stored in Utah, as Defendant actually considered Utah to be Plaintiff's "place of employment," Hayes Decl. ¶ 20; Reply at 9 n.2.  Assuming that the relevant documentation is indeed in Utah, this factor favors transfer to Utah over transfer to the Central District.  However, as Plaintiff points out, the current physical location of the evidence is a very minor factor when considering a motion to transfer.  See Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007) ("With technological advances in document storage and retrieval, transporting documents does not generally create a burden.").  As the district court in Van Slyke wrote:

> Other than describing where their records are located, defendants do not contend that transporting records, or reducing them to electronic form, would cause them significant hardship.  [Transfer] may reduce discovery costs somewhat, at least for defendants.  This factor, however, is of diminished importance and, is neutral toward transfer.

---

[3] Kenneth Yoon ("Yoon"), attorney for Plaintiff, filed a declaration in opposition to the Motion.  Opp'n Ex. A.

United States District Court
For the Northern District of California

1    *Id.* at 1362-63.

2         **D.    Familiarity with Each Forum with Applicable Law**

3         "There is an appropriateness in having the trial of a

4    diversity case in a forum that is at home with the state law that

5    must govern the case, rather than having a court in some other

6    forum untangle problems in conflict of laws, and in law foreign to

7    itself." Van Dusen, 376 U.S. at 645 (citation and ellipses

8    omitted).  This factor is clearly neutral as between retention in

9    the Northern District and transfer to the Central District.  Either

10   district would be equally familiar with the relevant California

11   statutes.  This factor also clearly disfavors transfer to Utah,

12   which is likely to be less familiar with California law than either

13   a court in the Northern or Central Districts of California.

14   Nevertheless, "other federal courts are fully capable of applying

15   California law." Foster, 2007 WL 4410408 at *6.  Consequently,

16   this factor weighs only slightly against transfer to Utah.

17        **E.    Feasibility of Consolidation**

18        The feasibility of consolidation is a significant factor in a

19   transfer decision, and even the pendency of an action in another

20   district is important because of the positive effects it might have

21   in possible consolidation of discovery and convenience to witnesses

22   and parties." A.J. Indus., Inc. v. U.S. Dist. Court for Cent.

23   Dist. of Cal., 503 F.2d 384, 389 (9th Cir. 1974).  Both parties

24   have pointed out that Defendant is party to a similar putative

25   class action that is ongoing in the Central District of California,

26   involving similar allegations that Defendant has violated many of

27   the same California labor provisions. Jasper v. C.R. England,

28   Inc., No. 08-CV-05266 (C.D. Cal. filed Aug. 11, 2008).  The Court

1  notes that the Jasper suit has not progressed significantly further
2  than this suit.  The plaintiff in Jasper is seeking to certify a
3  class of "[a]ll persons employed by CR England in California as
4  drivers from July 1, 2004, to present."  See id. (Mar. 30, 2009)
5  (order denying motion for class certification without prejudice).
6  Depending on how Defendant classifies its "drivers" and its
7  "trainees," there may be overlap between the class sought by the
8  plaintiff in Jasper and the class that Plaintiff in this suit will
9  eventually seek to certify.  This factor weighs heavily in favor of
10  transfer to the Central District of California.

11        **F.    Local Interest in the Controversy**

12        In resolving motions to transfer, district courts may consider
13  "the local interest in having localized controversies decided at
14  home [and] the the interest in having the trial of a diversity case
15  in a forum that is at home with the law that must govern the
16  action."  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834,
17  843 (9th Cir. 1986).  This factor is neutral as between retention
18  within the Northern District and transfer to the Central District.
19  However, perhaps more than any other factor, this consideration
20  clearly disfavors adjudication within Utah.  The class that
21  Plaintiff seeks to certify is a class of only California employees
22  who were truck driver trainees, and the Complaint names only causes
23  of action that arise from California state law.  California has a
24  significant interest in enforcing its wage and labor laws, and in
25  promoting the use of California's class action device.  See Sav-On
26  Drug Stores, Inc. v. Sup. Court, 34 Cal. 4th 319, 340 (2004).
27  California has an interest in providing its citizens with a forum
28  in California in which its Citizens can vindicate their rights

United States District Court
For the Northern District of California

1  under California law.

2      **G.**    **Relative Court Congestion and Time to Trial**

3      Plaintiff concedes that both the Central District and Utah

4  have lower case loads than the Northern District.  Opp'n at 20.

5  Nevertheless, the Court agrees that this is, "at best, a minor

6  factor in the section 1404 calculus."  <u>Royal Queentex Enter. v.</u>

7  <u>Sara Lee Corp.</u>, No. 99-4787, 2000 WL 246599, *8 (N.D. Cal. Mar. 1,

8  2000).  The Court concludes that this factor weighs slightly in

9  favor of transfer to Utah.

10      After weighing all of the considerations offered by both

11  parties, this Court concludes that it would be most appropriate to

12  transfer this suit to the Central District of California.  It

13  appears that both Utah and the Central Districts are more relevant

14  to the subject of this litigation, and either would provide a more

15  convenient forum.  However, the relative benefits of the District

16  of Utah are slight when compared to the potential for consolidation

17  and the interest in resolving this dispute within the state of

18  California, as it involves a putative California class with

19  grievances founded solely upon California law.  The Court therefore

20  GRANTS Defendant's alternative request to transfer this suit to the

21  Central District of California.

22

23  **V.**    **CONCLUSION**

24      Defendant's Motion to Transfer is DENIED IN PART and GRANTED

25  IN PART.  Defendant's request to transfer this suit to the District

26  of Utah is DENIED.  Defendant's alternative request to transfer

27  this suit to the Central District of California, which is

28  unopposed, is GRANTED.  Pursuant to Civil Local Rule 3-14, the

**United States District Court**
For the Northern District of California

Clerk shall transmit the file to the Clerk in the United States District Court for the Central District of California.  As both parties have relied upon the possibility that this suit may be either consolidated or coordinated with <u>Jasper v. C.R. England, Inc.</u>, No. 08-CV-05266 (C.D. Cal. filed Aug. 11, 2008), the parties are directed to file a motion to relate within a reasonable time after this suit has been transferred to the Central District.

IT IS SO ORDERED.

Dated: October 23, 2009



UNITED STATES DISTRICT JUDGE