James H. Hanson (Ind. Bar No. 8100-49)
jhanson@scopelitis.com
R. Jay Taylor Jr. (Ind. Bar No. 19693-53)
jtaylor@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1500
Indianapolis, Indiana 46204
(317) 637-1777
Fax: (317) 687-2414

Kathleen C. Jeffries (Cal. Bar No. 110362)
kjeffries@scopelitis.com
Christopher C. McNatt, Jr. (Cal. Bar No. 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790

Adam C. Smedstad (Ill. Bar No. 6210102))
asmedstad@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 W. Monroe Street, Suite 600
Chicago, Illinois 60603
(312) 255-7200
Fax: (312) 422-1224

Attorneys for Defendant,
C.R. England, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LARRY MOORE, as an individual and on
behalf of all others similarly situated,

        Plaintiffs,

        vs.

C.R. ENGLAND, INC., a corporation;
and DOES 1 through 50, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV 09-02020 GW (CWx)


**PROTECTIVE ORDER**

1.    **Purposes and Limitations.**  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this

1    litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court

2    to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does

3    not confer blanket protections on all disclosures or responses to discovery and that protection it

4    affords extends only to the limited information or items that are entitled under the applicable

5    legal principles to treatment as confidential.  The parties further acknowledge, as set forth in

6    Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential

7    information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed

8    when a party seeks permission from the Court to file materials under seal.

9        **2.    Definitions.**

10           2.1    <u>Party</u>:  Any party to this action, including all of its officers, directors,

11    employees, consultants, retained experts and outside counsel (and their support staff).

12           2.2    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of

13    the medium or manner generated, stored or maintained (including, among other things,

14    testimony, transcripts or tangible things) that are produced or generated in disclosures or

15    responses to discovery in this matter.

16           2.3    <u>"Confidential" Information or Items</u>:  Information (regardless of how

17    generated, stored or maintained) or tangible things that qualify for protection under standards

18    developed under Fed.R.Civ.P. 26(c).

19           2.4    <u>"Highly Confidential–Attorney Eyes Only" Information or Items</u>:

20    Extremely sensitive "Confidential Information or Items" whose disclosure to another party or

21    non-party would create a substantial risk of serious injury that could not be avoided by less

22    restrictive means.

23           2.5    <u>Receiving Party</u>:  A party that receives disclosure or discovery material

24    from a producing party.

25           2.6    <u>Producing Party</u>:  A party or non-party that produces disclosure or

26    discovery material in this action.

27

28

2.7 Designating Party: A party or non-party that designates information or items that it produces or in responses to discovery as "Confidential" or "Highly Confidential – Attorney Eyes Only."

2.8 Protected Material: Any disclosure or discovery material that is designated as "Confidential" or as "Highly Confidential – Attorney Eyes Only."

2.9 Outside Counsel: Attorneys who are not employees of a party but who are retained to represent or advise a party in this action.

2.10 House Counsel: Attorneys who are employees of a party.

2.11 Counsel (without qualifier): Outside counsel and house counsel (as well as their support staffs).

2.12 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of a party or a competitor of a party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

3. Scope. The protections conferred by this Order cover not only protected material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings that might reveal protected material.

4. Duration. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.

1    **5.**    **Designating Protected Material.**

2         5.1    Exercise of Restraint and Care in Designating Material for Protection.

3    Each party or non-party that designates information or items for protection under this Order must

4    take care to limit any such designation to a specific material that qualifies under the appropriate

5    standards.  A designating party must take care to designate for protection only those parts of

6    material, documents, items or oral or written communications that qualify – so that other portions

7    of the material, documents, items or communications for which protection is not warranted are

8    not swept unjustifiably within the ambit of this Order.   Mass, indiscriminate or routinized

9    designations are prohibited.  Designations that are shown to be clearly unjustified, or that have

10   been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

11   development process or to impose unnecessary expenses and burdens on other parties), expose

12   the designating party to sanctions.  If it comes to the attention of a party or a non-party that

13   information or items that it designated for protection do not qualify for protection at all or do not

14   qualify for the level of protection initially asserted, that party or non-party must promptly notify

15   all other parties that it is withdrawing the mistaken designation.

16        5.2    Manner and Timing of Designations.  Except as otherwise provided in this

17   Order (see, e.g., second paragraph of Section 5.2(a) below) or as otherwise stipulated or ordered,

18   material that qualifies for protection under this Order must be clearly so designated before the

19   material is disclosed or produced.   Designation in conformity with this Order requires the

20   following:

21             a.    For information in documentary form (apart from transcripts of
                     depositions or other pretrial or trial proceedings), the producing party
22                   should   affix   the   legend   "CONFIDENTIAL"   or   "HIGHLY
                     CONFIDENTIAL – ATTORNEY EYES ONLY" on each page that
23                   contains protected material. If only a portion or portions of the material
                     on a page qualifies for protection, the producing party must also clearly
24                   identify the protected portion(s) (e.g., by making appropriate markings in
                     the margins) and must specify, for each portion, the level of protection
25                   being   asserted   (either   "CONFIDENTIAL"   or   "HIGHLY
                     CONFIDENTIAL – ATTORNEY EYES ONLY"). A party or non-party
26                   who makes original documents or materials available for inspection need
                     not designate them for protection until after the inspecting party has
27                   indicated which material it would like copied and produced. During the
                     inspection and before the designation, all of the material made available
28                   for   inspection   shall   be   deemed   "HIGHLY   CONFIDENTIAL –

ATTORNEY EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Before producing the specified documents, the producing party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") on each page that contains protected material. If only a portion of the material on a page qualifies for protection, the producing party must also clearly identify the protected portion (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY").

b.   <u>For testimony given in deposition or in other pretrial or trial proceedings,</u> the party or non-party offering or sponsoring the testimony should identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"). Only those portions of the testimony that are appropriately designed for protection within the 20 days shall be covered by the provisions of this Order. Transcript pages containing protected material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

c.   <u>For information produced in some form other than documentary, and for</u> <u>any other tangible items,</u> the producing party should affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." If only portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTLY – ATTORNEY EYES ONLY."

5.3   <u>Inadvertent Failures to Designate.</u>   If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" after the material was initially produced, the receiving party, on timely

1    notification of the designation, must make reasonable efforts to assure that the material is treated

2    in accordance with this provisions of this Order.

3        **6.    Challenging Confidentiality Designations.**

4        6.1    Timing of Challenges.   Unless a prompt challenge to a designating party's

5    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

6    economic burdens or a later significant disruption or delay of the litigation, a party does not

7    waive its right to challenge a confidentiality designation by electing not to mount a challenge

8    promptly after the original designation is disclosed.

9        6.2    Meet and Confer.   A party that elects to initiate a challenge to a

10   designating party's confidentiality designation must do so in good faith and must begin the

11   process by conferring directly (in voice to voice dialogue; other forms of communication are not

12   sufficient) with counsel for the designating party.   Upon request by the challenging party, the

13   designating party must meet and confer pursuant to this paragraph within five (5) days.   In

14   conferring, the challenging party must explain the basis for its belief that the confidentiality

15   designation was not proper and must give the designating party an opportunity to review the

16   designated material, to reconsider the circumstances and, if no change in designation is offered,

17   to explain the basis for the chosen designation.   A challenging party may proceed to the next

18   stage of the challenge process only if it has engaged in this meet and confer process first.

19       6.3    Judicial Intervention.   A party that elects to press a challenge to a

20   confidentiality designation after considering the justification offered by the designating party

21   may file and serve a motion under Civil Local Rule 7-1 that identifies the challenged material

22   and sets forth in detail the basis for the challenge.   Each such motion must be accompanied by a

23   competent declaration that affirms the movant has complied with the meet and confer

24   requirements imposed in Section 6.2 above and that sets forth with specificity the justification

25   for the confidentiality designation that was given by the designating party in the meet and confer

26   dialogue.   The burden of persuasion in any such challenge proceeding shall be on the designating

27   party.   Until the Court rules on the challenge, all parties shall continue to afford the material in

28   question the level of protection to which it is entitled under the producing party's designation.

7. **Access to and Use of Protected Material**

7.1 **Basic Principles.** A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation. Such protected material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a receiving party must comply with the provisions of Section 11 below (Final Disposition). Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated CONFIDENTIAL only to:

a. The receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

b. The officers, directors and employees (including house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" *(Exhibit A);*

c. Experts (as defined in this Order) of the Receiving party to whom disclosure is reasonably necessary for this litigation an who have signed the "Agreement to be Bound by Protective Order" *(Exhibit A);*

d. The Court and its personnel;

e. During their depositions, witnesses in the action to whom disclosure is reasonable necessary and who have signed the "Agreement to be Bound by Protective Order" *(Exhibit A).* Pages of transcribed deposition testimony or exhibits to depositions that reveal protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

f. The author, addressee, and any recipients of the document or the original source of the information.

7.3 **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by

Case No. CV 09-02020-GW

the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" only to:

a.   The receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

b.   Experts (as defined in this Order (i) to whom disclosure is reasonably necessary for this litigation and (ii) who have signed the "Agreement to be Bound by Protective Order" *(Exhibit A)*;

c.   The Court and its personnel; and

d.   The author, addressee, and any recipients of the document or the original source of the information.

7.4   Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Information or Items to "Experts"

a.   Unless otherwise ordered by the Court or agreed in writing by the designating party, a party that seeks to disclose to an expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" first must make a written request to the designating party that (i) identifies the specific HIGHLY CONFIDENTIAL information that the receiving party seeks permission to disclose to the expert, (ii) sets forth the full name of the expert and the city and state of his or her primary residence, (iii) attaches a copy of the expert's current resume, and (iv) identifies the expert's current employer.

b.   A party that makes a request and provides the information specified in Section 7.4(a) may disclose the subject protected material to the identified expert unless, within seven days of delivering the request, the party receives a written objection from the designating party.  Any such objection must set forth in detail the grounds on which it is based.

c.   A party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion as provided in Civil Local Rule 7-1 seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the expert is reasonably necessary, and assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the designating party for its refusal to approve the disclosure.  In any such proceeding, the party opposing disclosure to the expert shall bear the burden of providing that the risk of harm that the disclosure would entail (under the safeguards

proposed) outweighs the receiving party's need to disclose the protected material to its expert.

**8.     Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," the receiving party must so notify the designating party, in writing (by e-mail or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of  imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**9.     Unauthorized Disclosure of Protected Material.**  If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as *Exhibit A.*

**10.     Filing Protected Material.**  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not

file in the public record in this action any protected material.  A party that seeks to file under seal any protected material must comply with Civil Local Rule 79-5.1.

**11.**   **Final Disposition.**   Unless otherwise ordered or agreed in writing by the producing party, within 60 days after the final termination of this action, each receiving party must return all protected material to the producing party.  As used in this subdivision, "all protected material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the protected material.  With permission in writing from the designating party, the receiving party must destroy some or all of the protected material instead of returning it.  Whether the protected material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that identifies (by category, where appropriate) all the protected material that was returned or destroyed and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the protected material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain protected material.  Any such archival copies that contain or constitute protected material remain subject to this Order as set forth in Section 4 (Duration) above.

**12.**   **Miscellaneous.**

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

1
2
3      _____/s/ Kenneth Yoon_____          _____/s/ James H. Hanson_____
4      Kenneth Yoon, Attorney for Plaintiff     James H. Hanson, Attorney for Defendant
5      Dated:_____April 23, 2010_____         Dated:__May 4, 2010_____
6
7
8      IT IS SO ORDERED.
9                                          Carla M. Woehrle
10                                         Judge, U.S. District Court
11                                   Dated: June 9, 2010
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____

[address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on _____ in the case of *James Moore, et al. v. C.R. England, Inc.,* Case No. 3:09-01814-SC, agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [name]    of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

_____
Signature

_____
Printed Name

_____
City and state where sworn and signed

Date: _____

h:\users\kchimento\wpwin\wpdocs\ajb\c.r. england-8766\11-moore, larry\stipulated protective order draft.doc